UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-01714-MJS (PC)<br><br>**ORDER:**<br><br>**1) DENYING REQUEST FOR AN INVESTIGATOR**<br><br>**2) DENYING PLAINTIFF'S REQUESTS FOR INFORMATION**<br><br>**3) DIRECTING PLAINTIFF TO RESUBMIT SUBPOENA**<br><br>**(ECF No. 13)** |

Plaintiff, Lance Williams, is a state prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction.

On May 13, 2015, the Court found that Plaintiff had stated cognizable medical indifference claims against two John Doe correctional officers and ordered Plaintiff to identify documents that would enable him to ascertain their identities. (ECF No. 12.) Plaintiff filed a subpoena and declarations in response. (ECF No. 13.)

In these documents, Plaintiff requests appointment of an investigator and production of the following information to help identify the John Doe defendants:

1) The names, photographs and gender of the correctional officers working the first- and third-watch shifts on April 5th and 6th, 2014 and the second-watch shift on April 6th and 7th, at the D-Yard, Building No. 4, B side of Wasco State Prison;

2) The sign-in log for the officers in the above shifts;

3) The contact information of inmate A. Dozier, CDC # AR-9431, who was housed in cell #122, Building No. 4, D-Yard, A Side; and

4) The contact information, including the current parole unit, of inmate Jerry Kelly, who was housed in cell No. 236, Building No. 4, D-yard, B side.

The Court addresses these requests in turn.

**I.   REQUEST FOR APPOINTMENT OF AN INVESTIGATOR**

Plaintiff requests the court to appoint an investigator to assist him in discovering Defendants' identities. However, absent Congressional authorization, the Court cannot provide resources to indigent *pro* se litigants to enable them to more easily prosecute a case. See United States v. MacCollom, 426 U.S. 317, 321 (1976); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir.1989).

Plaintiff has provided no authority under which the court could appoint or pay an investigator to assist him. The court is not aware of any such authority. It therefore denies Plaintiff's request for an investigator.

**II.   REQUESTS FOR INFORMATION**

The Court has authorized Plaintiff to proceed with discovery to try to determine the identity of Does 1 and 2. His instant request for issuance of subpoenas under Rule

45 of the Federal Rules of Civil Procedure is in furtherance of that objective.  However, his request is unacceptably broad, asks for documents not likely to exist in the form described, and on its surface would appear to impose an undue burden on the responding party.   Fed. R. Civ. P. 45(d)(1).

Plaintiff must limit and refine his request. He must provide additional facts to enable the prison to limit its production to documents calculated to identify only the individuals against whom Plaintiff has claims. (See ECF No. 12, at 11)(discovery opened for the limited purposes of identifying defendants).  Plaintiff may not engage in a fishing expedition to gain information about multiple indivduals which might then improperly influence, intentionally or not, his identity of Doe defendants.  See Hardge v. Adams, No. 1:05-cv-00718 2009 WL 2581331, at *3 (E.D. Cal. Aug. 20, 2009); see also Calderon v. United States Dist. Ct. for the N.D. Cal., 98 F.3d 1102, 1106 (9th Cir. 1996).

**1.  Does' Identities**

Plaintiff alleges that on April 5, 2014, in the dark of night, John Doe 1, violated his rights by refusing Plainitff's request for medical attention.  His request for identification of Doe 1 thus need not extend beyond a request for a document showing the identity of the male correctional officer(s) on duty in D-Yard, Building No. 4, B side of Wasco State Prison, during the period beginning after lights out on the night of April 5 and continuing until before dawn on April 6, 2014. If Plaintiff attempts to subpoena this information, he should include on the subpoena form as complete a description of Doe 1's physical appearance as possible.

Plaintiff alleges a similar refusal of medical attention by Doe 2 on April 6, 2014. If Plaintiff chooses to resubmit a subpoena for documents identifying Doe 2, Plaintiff

should narrow the scope of his request by specifying the time of day he interacted with Doe 2 and describing Doe 2 as thoroughly as possible.

In the event multiple individuals meet Plaintiff's description, Plaintiff should also explain how he intends to determine which are Does 1 and 2.

Plaintiff's subpoena may also request production of any and all prison logs or other documents in or subject to the prison's possession, custody or control which reflect directly or indirectly any communication between Plaintiff and any correctional officer during the night of April 5, 2014 or any time April 6, 2014.

### 2. Inmate Contact Information

Plaintiff may at this time subpoena current contact information, if known, and most recent contact information, if not known, for inmate Dozier and parolee Kelly. The prison's response will determine if and how he may proceed further to contact and communicate with said witnesses.  However, Plaintiff can anticipate institutional concerns about and restrictions on providing such information to him, and so he shall accompany his request for a subpoena with a declaration specifying under penalty of perjury his basis for believing such witnesses have knowledge relevant to his claims and his basis for believing they could and would provide evidence to assist him in identifying the Doe defendants.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court HEREBY ORDERS:

1) Plaintiff's request for appointment of an investigator is DENIED.

2) Plaintiff's request for sign-in logs, photographs, full names, and genders of the correctional officers for the specified shifts between April 5 and April 7, 2014 is

4

     DENIED, without prejudice to Plaintiff's right to resubmit his request for a subpoena in the form described above;

3) Plaintiff's request to subpoena the contact information of inmate Dozier and parolee Kelly is DENIED, without prejudice to Plaintiff's right to resubmit his request for a subpoena in the form described above;

4) The Clerk of the Court should send Plaintiff one (1) blank subpoena form; and,

5) Within **thirty (30) days** from the service of this Order, Plaintiff should complete and return to the Court the subpoena, accompanied by Plainitff's declaration as specified above.

IT IS SO ORDERED.

Dated:   June 4, 2015       /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE