UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>WASCO STATE PRISON, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-01714-MJS (PC)<br><br>**ORDER:**<br><br>**1) DENYING MOTION FOR RECONSIDERATION**<br><br>**2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 15)** |

Plaintiff, Lance Williams, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. The action proceeds on Plaintiff's Eighth Amendment claims against John Does 1 and 2. No other parties have appeared in the action.

On June 4, 2015, the Court denied Plaintiff's request for an investigator. (ECF No. 14). Plaintiff now moves the court for reconsideration of this ruling and also requests appointment of counsel. (ECF No. 15.)

I.      **MOTION FOR RECONSIDERATION**

   **A. Legal Standard**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

   **B. Analysis**

In support of his motion for reconsideration of the denial, Plaintiff argues (1) that the Court overlooked authority authorizing the appointment of an investigator in § 1983 cases; and (2) that CDCR restrictions on communications with other inmates and

parolees will prevent him from obtaining information from witnesses unless an investigator is appointed.

As for Plaintiff's first argument, the authority he cites is inapposite.  18 U.S.C. § 3006 addresses a criminal defendant's right to counsel. Similarly, Mason v. Arizona involved whether an indigent criminal defendant's right to effective assistance of counsel includes, "when necessary, the allowance of investigative expenses or appointment of investigative assistance… in order to insure effective preparation of [his] defense by [his] attorneys." 504 F.2d 1345, 1351 (9th Cir. 1974).  Here, as the *plaintiff in a civil* § 1983 case, Plaintiff does not have the right to effective assistance of counsel because he does not have a constitutional right to counsel at all. See Nicholson v. Rushen, 767 F.2s 1427, 1427 (9th Cir. 1985).  Therefore he has no concomitant right to the appointment of an investigator. See Rogers v. Giurbino, 288 F.R.D. 469, 489-90 (S.D. Cal. 2012).

CDCR restrictions on communications among inmates, or among inmates and parolees, do not justify appointment of an investigator, either.  Contrary to Plaintiff's assertions, these restrictions do not prohibit inmates from contacting one another.  Cal. Code Regs. tit. 15, § 3129 sets forth the procedure an inmate must follow in order to initiate communication with a parolee or other inmate: he must have an interview with his Correctional Counselor, complete a Request for Correspondence Approval form, and obtain written authorization from the Warden of his institution.  Cal. Code Regs. tit 15, § 3129(a)-(c).

Accordingly, the Court will deny Plaintiff's motion for reconsideration.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Plaintiff claims that his mental health status, which has been "elevated to E.O.P.[1]" warrants appointment of counsel. (ECF No. 15.)  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Accordingly, the court will deny Plaintiff's request for appointment of counsel.

---

[1] Plaintiff does not explain what "E.O.P." stands for.

**III.     CONCLUSION & ORDER**

For the foregoing reasons the Court HEREBY ORDERS that:

    1) Plaintiff's motion for reconsideration (ECF No. 15) is DENIED;

    2) Plaintiff's request for appointment of counsel (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated:  June 22, 2015                                    /s/ *Michael J. Seng*
                                                               UNITED STATES MAGISTRATE JUDGE