1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9 | LANCE WILLIAMS,

1:14-cv-01714-MJS (PC)

10 |                          Plaintiff,

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL**

11 |          v.

12 | WASCO STATE PRISON, et al,

**(ECF No. 23)**

13 |                          Defendant.

14

15        On October 15, 2015, plaintiff filed a motion seeking the appointment of counsel.

16        Plaintiff does not have a constitutional right to appointed counsel in this action,

17 Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an

18 attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United

19 States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

20        In certain exceptional circumstances the court may request the voluntary

21 assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

22 However, without a reasonable method of securing and compensating counsel, the court

23 will seek volunteer counsel only in the most serious and exceptional cases.  In

24 determining whether "exceptional circumstances exist, the district court must evaluate

25 both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

26 his claims *pro se* in light of the complexity of the legal issues involved."  Id. (Internal

27 quotation marks and citations omitted.)

28        In the present case, the court does not find the required exceptional

1

circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.

Plaintiff also asserts that the appointment of counsel is necessary because he is in the Enhanced Outpatient Program and receiving mental health medication that has severe side effects. Plaintiff does not describe the side effects or how they affect his ability to litigate his case.

Attached to Plaintiff's motion are copies of his medical records, which include a March 2011 Client Intake Form revealing a diagnostic impression of Major Depressive Disorder with Psychotic Features, Axis I. The records also reveal that Plaintiff claims to suffer from hallucinations and he is taking medication. However, Plaintiff is described as "high functioning" when he is on medication and is said to be "[a]ble to communicate his needs and able to follow instructions [without] problems/difficulties." ECF No. 23 at 19. Moreover, a recent Interdisciplinary Progress Note dated August 25, 2014, reveals that Plaintiff appears to be malingering. See ECF No. 23 at 9.

Based on the foregoing, the Court thus finds that Plaintiff has not shown that the interests of justice or exceptional circumstances warrant appointment of counsel. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Accordingly, his motion will be denied.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 23) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   __October 22, 2015__          /s/ _Michael J. Seng_
                                        UNITED STATES MAGISTRATE JUDGE

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28