UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>WACO STATE PRISON, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-01714-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR IMMEDIATE PRELIMINARY INJUNCTION**<br><br>**(ECF NO. 26)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.)

I. **LEGAL STANDARDS**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic

1

Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

## II.  DISCUSSION

The actions that give rise to Plaintiff's complaint occurred while he was housed at Wasco State Prison ("WSP") in Wasco, California. He is currently incarcerated at California Medical Facility ("CMF") in Vacaville, California. In his motion for an immediate preliminary injunction, Plaintiff asks the Court to order nonparty CMF officials to issue him a lower bunk chrono.

Plaintiff's request to enjoin nonparties at CMF is denied. Plaintiff's claim about CMF staff members' refusal to issue a lower bunk is unrelated to the claims asserted in Plaintiff's complaint – namely, that WSP Defendants acted with deliberate indifference by refusing to provide Plaintiff medical care following a fall from a bunk. A preliminary injunction may grant "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Also, as a general rule, a court may not enter an injunction against persons not parties to the case before it absent some substantial relationship. See Zepeda v. U.S. INS, 753 F.2d 719, 727 (9th Cir. 1984).

### III. **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for immediate preliminary injunction (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated:   November 24, 2015        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE