UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01714-DAD-MJS (PC)<br><br>**ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 39)** |

## I.　INTRODUCTION

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's first amended complaint against Defendant Salvatore for medical indifference in violation of the Eighth Amendment. (ECF No. 10.)

Pursuant to the scheduling order filed on April 11, 2016, the deadline to amend the pleadings is October 11, 2016. (ECF No. 36.) On April 21, 2016, Plaintiff filed a timely motion seeking leave to amend his complaint "due to recent discovery and miscalculations of time." (ECF No. 39.) On May 12, 2016, Defendant filed an opposition. (ECF No. 40.) On May 26, 2016, Plaintiff filed his reply. (ECF No. 41.) The matter is submitted. Local Rule 230(*l*).

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise out of events that occurred while he was incarcerated at Wasco State Prison ("WSP") in Wasco, California. On or about April 5, 2014, Plaintiff fell while he was climbing down from the top bunk in his cell. He claims he lost consciousness and suffered injuries to his head and neck.  On or about April 6, 2014, Plaintiff told Defendant that he had fallen and suffered injuries and needed medical attention, explaining that another correctional officer had already refused to take Plaintiff to the medical clinic.  Defendant also refused to take Plaintiff to the medical clinic and refused to give Plaintiff a sick call slip.  Plaintiff did not see a doctor until April 10, 2014.

Plaintiff now seeks to file a second amended complaint. He states generally that he needs to amend due to "recent discovery" and "miscalculations of time frames" within his complaint.

## III.    LEGAL STANDARD

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served and up to twenty-one days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Plaintiff has already filed an amended complaint. (ECF No. 10). Furthermore, a responsive pleading has already been served. Therefore, Plaintiff may not file a second amended complaint without leave of court.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, Local Rule 137(c) requires a party to include a copy of the proposed amended complaint with the moving papers when seeking leave to amend.

In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); also Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip v. Hall, 548 F.3d, 729, 732 (9th Cir. 2008); AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052.

With regards to undue delay, "'[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.'" E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982)). However, the factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

In evaluating whether a proposed amendment is futile, the Court must determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (*reh'g en banc* Nordyke v. King, 681 F.3d 1041 (9th Cir. 2012))).

Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC, 316 F.3d at 1052 (quotation marks omitted), as "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

## IV. DISCUSSION

The Court need not reach the merits of each party's arguments at this juncture, as Plaintiff's motion is procedurally defective. It does not include a copy of his proposed amended complaint as required by Local Rule 137(c), and indeed includes no details as to what new allegations Plaintiff seeks to add to his complaint or why. Plaintiff also has not met the requirements of Local Rule 220 in that he has not put forth a claim which is complete in itself. Local Rule 220; Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Therefore, without evaluating the merits of the parties' arguments, the Court will deny, without prejudice, Plaintiff's motion. Should Plaintiff choose to file another motion prior to the October 11, 2016 deadline to amend, he must attach his proposed amended complaint to his moving papers. Any such amended complaint must be complete unto itself without reference to the preceding complaint.

## V. CONCLUSION

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend (ECF No. 39) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 1, 2016      /s/ *Michael J. Seng*
                         UNITED STATES MAGISTRATE JUDGE