UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                    Plaintiff,<br><br>             v.<br><br>WASCO STATE PRISON, et al.,<br><br>                    Defendants. | Case No.  1:14-cv-01714-DAD-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**(ECF No. 46)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's first amended complaint against Defendant Salvatore and as-yet unidentified John Doe 1 on Plaintiff's Eighth Amendment medical indifference claim.

Before the Court is Plaintiff's August 11, 2016 "Request for Information of 2 Inmate Witnesses for Limited Correspondence" and "Request for Production of Documents and Issuance of Subpoenas." (ECF No. 46.) Defendant has not opposed these requests and the time for doing so has passed. These matters are submitted. Local Rule 230(/).

**I.      Procedural Background**

After the Court found Plaintiff's first amended complaint stated cognizable claims

against John Does 1 and 2 (ECF No. 12), it opened discovery for the limited purpose of identifying the Doe defendants. In relation to such discovery, on July 14, 2015, the Court directed non-party officials at Wasco State Prison to provide the Court with specified documents for *in camera* review. (ECF No. 18.) The Court also directed "Defendants" to provide Plaintiff with the current contact information of inmate Dozier and parolee Jerry Kelly, as Plaintiff believed they might be able to identify the Doe defendants. Id. at 3. Plaintiff was advised that the Court's order did not relieve him of his responsibility to comply with the requirements for inmate correspondence outlined under CAL. CODE REGS., tit. 15 § 3139. Id.

On August 5, 2015, in response to the July 14, 2015 Order, the prison furnished documents to the Court for *in camera* review.

On November 12, 2015, a further Telephonic Status Conference was held with the Attorney General's office and Plaintiff. The Court advised that the records provided did not contain information which would assist in identifying the Doe Defendants. The Court and the parties were unable to determine other methods of identifying the Doe Defendants or otherwise moving the case forward.

On or about December 2, 2015, Plaintiff notified the Court that, independently of the above described proceedings, he had identified John Doe 2 as Correctional Officer Salvatore. (ECF No. 28.) Plaintiff's first amended complaint substituted Defendant Salvatore for John Doe 2. (ECF No. 29.)

On September 8, 2015 Plaintiff had filed a motion (ECF No. 20) to compel discovery, namely disclosure of the information the Court's July 14, 2015, had directed the prison to produce *in camera.* That motion was denied January 12, 2016 (ECF No. 30). The Court stated in its Order: "The Court directed prison officials to submit specified documents directly to the Court. The prison complied with this directive. It was not required to produce any documents directly to Plaintiff. There is no basis for compelling a further response."

The first amended complaint was then served on Defendant Salvatore, and he filed an Answer on April 8, 2016. (ECF No. 34.)  A Scheduling Order (ECF No. 36) was issued authorizing the continuation of discovery through December 11, 2016.

**II.   Discussion**

Plaintiff claims that he has yet to receive the last known contact information for inmate Dozier or parolee Kelly notwithstanding the Court's July 14, 2015, directive to the "Defendants" to provide him with that information. Plaintiff also requests "sign-in logs, full names, genders, and photos" of correctional officers working the first watch shift between April 5 and 6, 2014 in order to aid him in identifying Doe 1. The Court construes these requests as a motion to compel discovery.

Under Rule 37(a)(1), a party may move for a court order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  The motion must include a certification that a good faith attempt was made to confer with the opposing party about the discovery sought before seeking Court intervention.  Id.

At this juncture, Plaintiff's motion to compel is premature.  There is no indication Plaintiff propounded such discovery requests on Defendant Salvatore or that Defendant Salvatore objected to responding to them.  Plaintiff's request for production therefore must be denied, albeit without prejudice.

Insofar as Plaintiff's motion is premised on this Court's July 14, 2015, directive to "Defendants" to provide Plaintiff with the last known contact information for inmate Dozier and parolee Kelly, the motion will be denied because at the time of the order, there were no identified "Defendants" and because the attorney representative of the Attorney General's office participating at that point advised the Court that he could not provide that information. The Court could not there and cannot now force non-parties (the prison or the Attorney General's representative) to comply with its July 14, 2015 Order.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion (ECF No. 46), construed as a motion to compel discovery, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  October 17, 2016                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE