UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>WASCO STATE PRISON, et al.,<br><br>    Defendants. | Case No.  1:14-cv-01714-DAD-MJS (PC)<br><br>**ORDER STRIKING PLAINTIFF'S SURREPLY**<br><br>**(ECF No. 53)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT SALVATORE'S MOTION FOR SUMMARY JUDGMENT AND SET CASE FOR EVIDENTIARY HEARING**<br><br>**(ECF No. 43)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

    Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's first amended complaint ("FAC") against Defendants Salvatore and John Doe 1 on Plaintiff's Eighth Amendment medical indifference claims. (ECF No. 10.)

    Before the Court is Defendant Salvatore's July 11, 2016 motion for summary judgment on exhaustion grounds.  (ECF No. 43.)  Plaintiff opposes the motion.  (ECF No. 47.)  Defendant Salvatore filed a reply (ECF No. 49.)  The matter is deemed

submitted.  Local Rule 230(*l*).

Also before the Court is Defendant Salvatore's motion to strike Plaintiff's unauthorized surreply to Defendants' reply. (ECF No. 53.) Plaintiff did not oppose the motion and the time to do so has passed. That matter is also submitted.

**I.    Legal Standard**

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. See Jones v. Bock, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not

make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

## II. Factual Summary

### A. Plaintiff's Allegations

At all times relevant to these claims, Plaintiff was housed at Wasco State Prison ("WSP") in Wasco, California. (Compl. (ECF No. 10) at 4.) Prior to November 3, 2014, when this case was initiated, Plaintiff was transferred to California State Prison in Solano, California ("SOL"). (See ECF No. 1.) Plaintiff's factual allegations may be summarized as follows:

On or about April 5, 2014, Plaintiff, then housed at WSP, slipped and fell while getting out of the top bunk in his cell. (Compl. at 4.) Doe 1, a correctional officer on duty, found Plaintiff on the floor. (Id.) When Plaintiff requested medical services from Doe 1, Doe 1 told Plaintiff to "just lay there until [he] felt better." (Id.) He also told Plaintiff "not to be a p----" and then walked away. (Id.) Plaintiff remained on the floor until his cellmate helped him up a short time later. (Id.)

On or about April 6, 2014, Plaintiff told another correctional officer, Defendant Salvatore, that he had fallen off his bunk, lost consciousness, and suffered injuries. (Compl. at 5.) He also explained how Doe 1 had refused to summon medical care, to which Salvatore replied, "Too bad! Fill out a request form because I ain't calling nobody either!" (Id.) When Plaintiff requested a sick call slip, Salvatore replied, "Just your luck, loser, we're fresh out!" (Id.) Plaintiff was unable to see a doctor until several days later, when he was randomly called in for medical processing. (Id.)

### B. Facts Relating to Exhaustion

Between April 6, 2014 and November 3, 2014, while Plaintiff was still housed at WSP, he submitted one healthcare appeal that was accepted at the first level of review.

(Decl. of K. Gonzalez in Supp. of Def.'s Mot. for Summ. J. ("MSJ") (ECF No. 43-7) ¶ 7.) The appeal, Log No. WSP-HC-14046848, requested a lower bunk chrono; it did not name or identify any custody staff as an adverse party. (Gonzalez Decl. ¶¶ 7-10.) That appeal was granted at the First Level of Review. (Gonzalez Decl. Ex. 2, "Institution Response for First Level HC Appeal.") Plaintiff also submitted a second healthcare appeal and a Reasonable Accommodation Request Form 1824 that were cancelled at screening. (Gonzalez Decl. ¶ 10.) Plaintiff did not appeal these cancellations. (Gonzalez Decl. ¶ 12.) During the same period, Plaintiff also submitted seven non-healthcare appeals that were cancelled at the screening stage. (Decl. of F. Feliciano in Supp. of MSJ (ECF No. 43-5) ¶¶ 7-9.) These appeals did not reference any staff misconduct. (Id. ¶ 9.) Plaintiff did not appeal the cancellation of these appeals. (Id. ¶ 12.)

When Plaintiff was transferred to SOL, he submitted two more health care appeals that were accepted at the first level. (Decl. of C. Mantel-Davis in Supp. of MSJ (ECF No. 43-3) ¶¶ 7-8;.) The first, Log No. SOL-HC-1409857 (the "First SOL Appeal") requested a lower bunk chrono, cane, mobility vest, and physical therapy. (Mantel-Davis Decl. Ex. 2, "Institution Response for First Level HC Appeal."). The appeal was partially granted at the first level of review, and Plaintiff received a physical therapy referral. (Id.) Plaintiff did not pursue the First SOL Appeal past the first level. (Mantel-Davis Decl. Ex. 1, "Health Care Services Appeal History for Williams, Lance.") The second, Log No. SOL-HC-14039719 (the "Second SOL Appeal") sought a double mattress chrono; it was denied at the first level of review and was not pursued further. (Mantel-Davis Decl. Ex. 3, "Institution Response for First Level HC Appeal"; Mantel-Davis Decl. Ex. 1, "Health Care Services Appeal History for Williams, Lance.") Plaintiff did not name or identify any custody staff members as adverse parties in either appeal. (Mantel-Davis Decl. ¶ 9.) Plaintiff also submitted two more health care appeals that were cancelled or rejected at the first level of review. (Mantel-Davis Decl. ¶ 10.) Plaintiff did not appeal either cancellation. (Id. ¶ 12.)

4

While at SOL, Plaintiff also submitted two non-healthcare appeals that were accepted at the first level. (Decl. of V. Estrella in Supp of MSJ (ECF No. 43-4) ¶ 8.) In the first, Plaintiff requested to be reclassified as a minimum security inmate; in the second, Plaintiff complained that he could not access the medical and educational departments. (Id. ¶ 9.) Plaintiff also submitted seven more non-healthcare appeals that were cancelled at the first level. (Id. ¶ 9.) Plaintiff did not appeal these cancellations. (Id. ¶ 12.)

During the period from April 4, 2014 to November 3, 2014, Plaintiff submitted no appeals at either WSP or SOL that were accepted and adjudicated at the Third Level of Review. (Decl. M. Voong in Supp. of MSJ (ECF No. 43-8) ¶¶ 7-8; Decl. R. Robinson in Supp. of MSJ (ECF No. 43-6) ¶¶ 7-8.)

Plaintiff claims that on May 5, 2014, he submitted an inmate appeal (the "May 5, 2014 Appeal") complaining about Defendants' conduct on April 5 and 6, 2014. (Pl.'s Opp'n to MSJ (ECF No. 47) at 7-8.) He attaches the May 5, 2014 Appeal form to his opposition. However, the form bears no log number or any indication that it was received by a staff member. (Id.) Plaintiff also claims that on April 15, 2016, he submitted another appeal (the "Apr. 15, 2016 Appeal") complaining about the lack of response to his on his May 5, 2014 Appeal. (Pl.'s Opp'n at 9-10.) The Apr. 15, 2016 Appeal, also attached to Plaintiff's opposition, bears no log number or any other evidence that it was received by a staff member. (Id.) Plaintiff further alleges that he submitted two CDCR Form 22s, first on June 30, 2014 and again on July 13, 2014, requesting the names of the officers working on April 5 and 6, 2014 so that he could list them on his "previously submitted" appeal. (Pl.'s Opp'n at 11-12.) Each Form 22 is marked as "received" by staff member J. Quinonez. (Id.) Plaintiff does not say what, if anything, resulted from these Form 22s.

5

### III.    Defendant's Motion for Summary Judgment

#### A.    Exhaustion Legal Standard

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner cannot satisfy the exhaustion requirement by filing an untimely or procedurally defective appeal. Woodford v. Ngo, 548 U.S. 81, 90-1 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.")

Exhaustion is not required where circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). To satisfy this exception to the exhaustion requirement, a plaintiff must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24; see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"). Alternatively, a plaintiff may show that officials failed to respond to a properly filed grievance in a timely manner. Vlasich v. Reynoso, No. CV F 01 5197 AWI LJO P, 2006 WL 3762055, at *3 (E.D. Cal. Dec. 20, 2006) (citing Circuit Court decisions holding that a prisoner's administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.)  Defendants have the burden of establishing Plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003), accord Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). Once that burden has been

met, the onus shifts to Plaintiff to demonstrate that administrative remedies were effectively unavailable to him. Albino, 697 F.3d at 1031.

California has a three-level formal grievance process for prisoners. Cal Code Regs. tit. 15, § 3084.7. Prisoners must first submit their grievances to the appeals coordinator on a 602 within thirty days of the incident "describ[ing] the specific issue under appeal and the relief requested." Id. §§ 3084.2(a) and 3084.8(b)(1). Appeals at the first level must be responded to and returned to the inmate within thirty days of receipt. Id. § 3084.8(c)(1). If a prisoner is not satisfied with the response he receives at the first level, he must submit his appeal to the second level of review, after which he may appeal to the third and final level, called the Director's Level. Id. § 3084.7. Appeals may be rejected or cancelled by the appeals coordinator reviewing the appeal at any level of review. Id. § 3084.6(a).

### B.  Parties' Arguments

Defendant Salvatore argues that since Plaintiff filed no appeals complaining of staff misconduct relating to his April 5, 2014 fall, let alone an appeal that he pursued through all three levels, he failed to exhaust his administrative remedies.

Plaintiff counters that his administrative remedies were effectively unavailable to him because prison officials failed to respond to his May 5, 2014 appeal or follow-up appeal and Form 22s.

### C.  Discussion

Defendant has demonstrated that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. There is a genuine issue of material fact, however, as to whether circumstances rendered administrative remedies effectively unavailable.

Plaintiff claims that on May 5, 2014, he submitted an inmate appeal complaining of Defendants deliberate indifference to Plaintiff's medical needs on April 5 and 6, 2014. This statement raises a genuine issue of material fact as to whether administrative remedies were effectively unavailable. Accordingly, Defendants' motion for summary

judgment should be denied.

Defendant Salvatore points out that Plaintiff could have filled out the May 5, 2014 Appeal at any time during this litigation, and he argues that insofar as the form is unprocessed and marked only by Plaintiff, it lacks any indicia of reliability. At this juncture, however, the determination of whether Plaintiff properly submitted the May 5, 2014 Appeal turns on the relative credibility of the parties. Because such determinations cannot be made on a motion for summary judgment, the Court must recommend that Defendants' motion for summary judgment be denied. See Soremekun, 509 F.3d at 984.  In light of Defendants' request for an evidentiary hearing in the event their motion is denied, the Court will also recommend that the matter be referred back to the undersigned for the purpose of conducting an evidentiary hearing to resolve the issue of whether Plaintiff in fact submitted the May 5, 2014 appeal to prison authorities.

### IV. Motion to Strike Plaintiff's Surreply

On September 12, 2016, Plaintiff filed a "Response" to Defendants' reply. (ECF No. 51.) He did not seek leave before doing so. Therefore, on October 24, 2016, Defendant filed a motion to strike Plaintiff's surreply. (ECF No. 53.)

Parties do not have the right to file surreplies, and motions are deemed submitted when the time to reply has expired.  Local Rule 230(*l*). Plaintiff has not set forth any reasons why he should be permitted to file a surreply. See Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (courts should allow surreplies "only where a valid reason for such additional briefing exists.") In any case, the Court has recommended denying Defendants' motion, thus any additional arguments by Plaintiff are unnecessary. Defendant's motion will be granted, and Plaintiff's surreply will be stricken from the record.

### V. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to strike Plaintiff's surreply (ECF No. 53) is GRANTED; and

2. Plaintiff's surreply (ECF No. 51) is STRICKEN from the record; and

IT IS HEREBY RECOMMENDED that:

3. Defendants' motion for summary judgment (ECF No. 43) be DENIED; and

4. The matter be referred back to the undersigned for purposes of conducting an evidentiary hearing to resolve the dispute of fact set forth herein.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 20, 2016           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE