UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　Defendants. | **CASE NO. 1:14-cv-01714-DAD-MJS (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 60)** |

　　　　Plaintiff is prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Discovery in this case closed on December 11, 2016. (ECF No. 36.) On December 15, 2016, Plaintiff filed a motion to extend the discovery deadline by six months. (ECF No. 54.) Plaintiff claimed that he had not yet propounded any discovery on Defendants because he had been awaiting resolution of Defendants' motion for summary judgment on exhaustion grounds. (Id.) On January 17, 2017, the Court denied Plaintiff's motion noting that Plaintiff failed to demonstrate good cause for not propounding timely discovery. (ECF No. 59.)

　　　　Before the Court is Plaintiff's February 2, 2017 motion for reconsideration of the Court's order. (ECF No. 60.) Therein, Plaintiff argues there is good cause to extend the

discovery deadline because Plaintiff suffered numerous ills that impeded his ability to effectively litigate this case while discovery was open, such as mental breakdowns, confinement in administrative segregation, staff abuse, and loss of his legal property. Plaintiff also maintains that his motion for an extension should be granted since it was timely under the prison mail box rule, i.e., submitted to prison officials prior to the December 11, 2016 discovery cutoff.  (Id.) Defendants oppose Plaintiff's motion. (ECF No. 62.) Plaintiff has not filed a reply to Defendants' opposition. He matter  is submitted. Local Rule 230(*l*).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting* Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

The requisite circumstances are not present here. Plaintiff fails to demonstrate good cause for not pursuing discovery prior to the expiration of the discovery deadline. Plaintiff states that, from April 11, 2016 to December 11, 2016, the period in which discovery was open, his mental condition and the circumstances of his confinement prevented him from seeking discovery. However, during that same period of time,

Plaintiff submitted numerous filings, including requests to amend his complaint, requests for extensions of time, an opposition to Defendants' summary judgment motion, and objections to the Magistrate Judge's findings and recommendations. Clearly, Plaintiff was not so incapacitated that he could not research, draft, and propound discovery.

For the reasons stated, Plaintiff's motion for reconsideration (ECF No. 60) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   March 6, 2017              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE