1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                       EASTERN DISTRICT OF CALIFORNIA

11

12   LANCE WILLIAMS,                          **CASE NO. 1:14-cv-01714-DAD-MJS (PC)**

13              Plaintiff,                      **ORDER VACATING EVIDENTIARY**
                                                **HEARING**
14        v.
                                                **(ECF No. 70)**
15   WASCO STATE PRISON, et al.,
                                                **ORDER GRANTING PLAINTIFF'S**
16              Defendants.                      **MOTION FOR SETTLEMENT**
                                                **CONFERENCE**
17
                                                **(ECF No. 50)**
18
                                                **ORDER SETTING SETTLEMENT**
19                                               **CONFERENCE**

20                                              Date: August 9, 2017
                                                Time: 9:30 a.m., Courtroom 25 (KJN)
21

22        Plaintiff is a state prisoner proceeding through counsel in this civil rights action

23   pursuant to 42 U.S.C. § 1983.

24        On September 12, 2016, Plaintiff filed a motion requesting a settlement

25   conference. (ECF No. 50.) The Court agrees that this case will benefit from a settlement

26   conference.   Therefore, this case will be referred to Magistrate Judge Kendall J.

27   Newman to conduct a settlement conference at the U. S. District Court, 501 I Street,

28   Sacramento, California 95814 in Courtroom #25 on **August 9, 2017** at **9:30 a.m**. A

                                              1

separate order and writ of habeas corpus ad testificandum will issue at a later date.

In light of the settlement conference and parties' stipulation (ECF No. 71), the evidentiary hearing scheduled for June 23, 2017 at 10:30 a.m. in the Fresno Courthouse and the associated pre-hearing deadlines (ECF No. 70) will be vacated pending further order of the Court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The evidentiary hearing scheduled for June 23, 2017 (ECF No. 70) is VACATED pending further order of the Court;

2. Plaintiff's motion for a settlement conference (ECF No. 50) is GRANTED;

3. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on August 9, 2017 at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25.

4. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

5. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

6. Parties are directed to exchange non-confidential settlement statements seven

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

days prior to the settlement conference. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

IT IS SO ORDERED.

Dated:   April 14, 2017        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE