UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-01714-DAD-MJS (PC)<br><br>**ORDER RE-SETTING EVIDENTIARY HEARING**<br><br>Date: November 3, 2017<br>Time: 10:30 a.m. Courtroom 6 (MJS) |

Plaintiff is a state prisoner proceeding with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Salvatore and John Doe 1 on Plaintiff's Eighth Amendment medical indifference claim.

Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (ECF No. 43.) On March 17, 2017, the District Court adopted the undersigned's Findings and Recommendations and denied the motion, but referred the case back to the undersigned for an evidentiary hearing on the issue of exhaustion. (ECF No. 69.) An evidentiary hearing was set for June 23, 2017 (ECF No. 70), but vacated to allow the parties to participate in a settlement conference. (ECF No. 72.) The settlement conference having failed to resolve the case (ECF No. 76), the Court now re-sets the evidentiary hearing:

An evidentiary hearing will be held before the Honorable Michael J. Seng, United States Magistrate Judge, on **November 3, 2017, at 10:30 a.m.**, in Courtroom 6, Seventh Floor, United States District Court, Fresno, California. The hearing will commence and be completed that day, and will be limited to the issue of whether Plaintiff is excused from the Prison Litigation Reform Act's exhaustion requirement because administrative remedies were "effectively unavailable" to him.

More specifically, the parties should be prepared to present evidence as to the following:

- Whether Plaintiff submitted an inmate appeal on May 5, 2014 complaining about Defendants' alleged misconduct on April 5 and 6, 2014;
- Whether prison officials failed to respond to or otherwise process Plaintiff's May 5, 2014 appeal;
- Whether on June 30 and/or July 13, 2014, Plaintiff submitted a CDCR Form 22 requesting the names of the officers working on April 5 and 6, 2014 so that he could list them on his "previously submitted" appeal;
- Whether prison officials failed to respond to or otherwise process Plaintiff's CDCR Forms 22;
- Whether Plaintiff submitted an inmate appeal on April 15, 2016 complaining about prison officials' failure to respond to the May 5, 2014 appeal; and
- Whether Plaintiff had a reasonable, good faith belief that the administrative appeals process was effectively unavailable to him.

In preparation for the hearing, it is HEREBY ORDERED that, no later than October 2, 2017, the parties confer regarding the witnesses to be called and evidence to be presented at the hearing. Plaintiff and Defendants shall submit the original and five copies of all hearing exhibits, along with exhibit and witness lists, to Judge Seng's chambers in Fresno no later than October 18, 2017. Plaintiff's exhibits shall be pre-marked with numbers preceded by the designation "P-___" (e.g., P-1, P-2). Defendants'

exhibits shall be pre-marked with letters preceded by the designation "D-___" (e.g. D-A, D-B).

The parties are required to agree upon and identify their joint exhibits and witnesses, if any. Joint exhibits must be pre-marked with numbers preceded by the designation "J-__" (e.g., J-1, J-2), and the parties should decide amongst themselves which party shall submit the original and five copies of the joint trial exhibits, with exhibit lists, to the Court no later than October 18, 2017.

Absent written objections filed by October 18, 2017, and/or further Order of this court, all institutional records and other documents may be authenticated by the propounding party making a prima facie showing of authenticity and presenting documents which reflect that authenticity. Fed. R. Evid. 901(b)(4); <u>United States v. Tank</u>, 200 F.3d 627, 630 (9th Cir. 2000).

IT IS SO ORDERED.

Dated: __August 11, 2017__     /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE