UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>WASCO STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:14-cv-01714-DAD-MJS (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AS TO DISPOSITIVE MOTION DEADLINE**<br><br>**(ECF No. 63)**<br><br>**DISPOSITIVE MOTION DEADLINE STAYED UNTIL 45 DAYS AFTER DISTRICT JUDGE RULES ON ISSUE OF EXHAUSTION** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's first amended complaint against Defendant Salvatore and John Doe 1 for medical indifference in violation of the Eighth Amendment. (ECF No. 10.)

On December 21, 2016, this Court issued findings and recommendations to deny Defendants' motion for summary judgment on exhaustion grounds and set the case for

an evidentiary hearing. (ECF No. 55.) On March 17, 2017, the District Judge assigned to the case adopted the findings and recommendations in full. (ECF No. 69.) Accordingly, the case was set for a June 23, 2017 evidentiary hearing on the issue of exhaustion. (ECF No. 70.) However, at the parties' request, that hearing was stayed pending the results of a settlement conference on August 9, 2017. (ECF Nos. 71 & 72.) That conference was unsuccessful, and the evidentiary hearing was reset for November 3, 2017. (ECF No. 77.)

Pursuant to the scheduling order filed on April 11, 2016, the dispositive motion deadline was February 21, 2017. (ECF No. 36.) Defendants have moved to modify the dispositive motion deadline pending the results of the evidentiary hearing. (ECF No. 63.) Defendants argue that since a substantive motion for summary judgment will only be necessary if the Court rules in Plaintiff's favor at the evidentiary hearing, the Court should vacate the current dispositive motion deadline and re-set the deadline to a date after it rules on the exhaustion issue. (P. & A. in Supp. of Mot. to Modify Sched. Order (ECF No. 63-1.) Plaintiff has not opposed the motion and the time to do so has passed.

A Court may modify its scheduling order upon a finding of good cause. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). The Court finds good cause exists to stay the dispositive motion deadline pending resolution of Defendants' exhaustion motion. Accordingly, Defendants' motion is HEREBY GRANTED. The dispositive motion deadline, originally set for February 21, 2017, is stayed until **forty-five (45) days after the District Judge rules on the issue of exhaustion**.

IT IS SO ORDERED.

Dated:   September 5, 2017          /s/ *Michael J. Seng*
                                                                        UNITED STATES MAGISTRATE JUDGE